IN THE CIRCUIT COURT OF DESOTO COUNTY MISSISSIPPI

JOSSIE FIFER; INDIVIDUALLY, and as MOTHER,
NEXT BEST FRIEND, and PERSONAL REPRESENTATIVE OF MARVIN FIFER, JR;
and ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF MARVIN FIFER, JR                                    PLAINTIFFS

VS.                                                    CI2019-179GCD

RJ PROPERTY MANAGEMENT, LLC                                          DEFENDANT

## COMPLAINT

**JURY TRIAL REQUESTED**

**COMES NOW** the Plaintiff, Marvin Fifer, Jr., by and through his mother, Jossie Fifer, individually, and as Mother, Next Best Friend, and personal representative of Marvin Fifer, Jr. and on behalf of the wrongful death beneficiaries of Marvin Fifer, Jr. and files this her Complaint against the above named Defendant, RJ Property Management, LLC and for cause would state the following, to wit:

1. Plaintiffs ask that the Court combine and incorporate this cause number with <u>Marvin Fifer, Jr. v. James Gentry</u>, Desoto County Circuit Court Cause No. CI2018-373CWD which is currently pending in the Circuit Court of DeSoto County, Mississippi. Both Desoto County Circuit Court Cause No. CI2018-373CWD and the above styled and numbered cause of action arise out of the same set of facts and circumstances regarding an motor vehicle collision that occurred in Horn Lake, DeSoto County, Mississippi on October 1, 2018.

2. Your Plaintiff, Jossie Fifer, whose current address is 6059 Ross Road, Olive Branch, MS, brings suit individually, and on behalf of the wrongful death beneficiaries of Marvin Fifer, Jr., in her capacity as Mother, Next Best Friend, Personal Representative, and Court Appointed Administratrix of the Estate of Marvin Fifer, Jr., deceased.

FILED
DESOTO COUNTY, MS
APR 04 2019
Dale K. Thompson
CIRCUIT COURT CLERK

3. The wrongful death beneficiaries of Marvin Fifer, Jr. are his Mother, Jossie Fifer, his sisters, Crystal Hebron and Sonya Fifer and his brother, Patrick Fifer.

4. The Defendant, RJ Property Management LLC, is a non-resident Tennessee corporation which is headquartered in Memphis, Tennessee, and whose corporate address is Suite C, 5099 Old Summer Road, Memphis, TN 38122; and which may be served with service of process by and through the Defendant Corporation's designated agent for service of process who is Jack A. Whitaker, 358 Dubray Manor Drive, Collierville, TN 38017-3950.

5. On or about October 1, 2018, the Marvin Fifer was driving a Chevrolet Trail Blazer on Goodman Road in a Westerly direction in Horn Lake, DeSoto County, Mississippi. Marvin Fifer was stopped for traffic in front of him. Traffic had stopped for the red traffic light at the intersection of Goodman Road and Mallard Creek Drive.

6. James Gentry was following behind Marvin Fifer on Goodman Road in his Chevrolet Silverado and was also towing a trailer owned by and supplied to James Gentry by his employer, RJ Property Management LLC.

7. James Gentry uses his Chevrolet Silverado and the trailer supplied to James Gentry in the course and scope of his employment with RJ Property Management LLC.

8. James Gentry negligently and carelessly failed to keep a proper distance between the front of his vehicle and the rear of the Marvin Fifer's vehicle.

9. James Gentry carelessly and negligently crashed into the back of Marvin Fifer's vehicle striking Marvin Fifer from the rear.

10. James Gentry owed a duty to all traffic on the highway to use reasonable care while driving.

11. James Gentry owed a duty to the decedent and the decedent's wrongful death

beneficiaries to use reasonable care.

12. James Gentry violated his duty to the decedent and the decedent's wrongful death beneficiaries to use reasonable care.

13. James Gentry was negligent.

14. Marvin Fifer, Jr. was injured and killed.

15. The negligence of James Gentry was the proximate cause of the wrongful death of Marvin Fifer, Jr. and of all injuries and damages sustained by Marvin Fifer, Jr. and the decedent's wrongful death beneficiaries.

16. At the time of the wreck which is the subject of this lawsuit, James Gentry was towing a work trailer furnished to James Gentry by RJ Property Management LLC.

17. At the time of the wreck James Gentry was an employee for RJ Property Management LLC.

18. Plaintiff invokes the doctrine of respondeat superior.

19. RJ Property Management LLC is liable for the actions of its employee, James Gentry through the doctrine of respondeat superior.

20. On the day of and at the time of the wreck, James Gentry was pulling a work trailer owned by his employer, RJ Property Management LLC.

21. Prior to and at the time of the collision, James Gentry was an employee of RJ Property Management LLC.

22. Prior to and at the time of the collision, James Gentry was at all times an agent of RJ Property Management LLC.

23. RJ Property Management LLC was the principal for James Gentry.

24. Prior to and at the time of the collision, James Gentry was authorized to act on

behalf of RJ Property Management LLC.

25. Prior to and at the time of the collision, RJ Property Management LLC, authorized James Gentry to act and do business on behalf of RJ Property Management LLC.

26. Prior to the collision, James Gentry had performed maintenance on a leased property for a tenant of RJ Property Management LLC.

27. Prior to and at the time of the rear-end collision, James Gentry was using a work trailer provided to him by RJ Property Management LLC to act on behalf of RJ Property Management LLC and do business on behalf of RJ Property Management LLC.

28. Prior to and at the time of the collision, James Gentry was towing a trailer that was owned or leased by his employer, RJ Property Management LLC.

29. Prior to and at the time of the collision, James Gentry was authorized to act and do business on behalf of RJ Property Management LLC, including but not limited to towing the RJ Property Management LLC trailer at the time of the collision.

30. RJ Property Management LLC is bound by James Gentry's negligent actions when James Gentry who was towing a trailer owned or leased by RJ Property Management LLC, negligently failed to yield to the Plaintiff's car and struck Marvin Fifer from behind with his truck and trailer.

31. Prior to and at the time of the collision, James Gentry had express authority on behalf of and from RJ Property Management LLC by words or by conduct of RJ Property Management LLC to do the work for which James Gentry was hired or engaged for on behalf of RJ Property Management LLC.

32. Prior to and at the time of the collision, James Gentry had implied authority on behalf of and from RJ Property Management LLC necessary or incidental to carrying out the

work for which James Gentry was hired or engaged to do for RJ Property Management LLC, which included but was not limited safely operating his truck while towing the RJ Property Management LLC trailer.

33. Prior to and at the time of the collision, James Gentry had apparent authority on behalf of and from RJ Property Management LLC which a reasonably prudent person, familiar with the usage of the particular business such as RJ Property Management LLC, would think an employee such as James Gentry would have necessary or incidental to carrying out the work for which James Gentry was hired or engaged to do for RJ Property Management LLC, which included but was not limited to safely operating his truck while towing the RJ Property Management LLC trailer.

34. Prior to and at the time of the collision James Gentry 's driving and pulling the trailer owned or leased by RJ Property Management LLC was conduct connected to or necessary to carry out *his* employment with RJ Property Management LLC and therefore within the scope of his employment for RJ Property Management LLC.

35. Prior to and at the time of the collision James Gentry's driving and pulling the trailer for RJ Property Management LLC was within the scope of his employment for RJ Property Management LLC.

36. Prior to and at the time of the collision James Gentry's conduct was in fact done in order to carry out the RJ Property Management LLC's work and such conduct was expected in order to carry out RJ Property Management LLC's work.

37. Prior to and at the time of the collision James Gentry's conduct was incidental to, customarily connected with, or reasonably necessary for the performance of an authorized act within the scope and authority of James Gentry's employment with RJ Property Management.

38. Prior to and at the time of the collision, James Gentry was acting within the scope of his employment and within the line of his duties or RJ Property Management. RJ Property Management is responsible for the negligent acts of James Gentry immediately prior to and at the time of the rear-end collision with Marvin Fifer.

39. In the alternative, prior to and at the time of the collision, RJ Property Management and James Gentry were engaged in a joint venture. RJ Property Management is legally responsible for the wrongful conduct of James Gentry who was at all times prior to and at the time of the collision acting within the scope of his authority while driving a truck pulling a trailer for RJ Property Management. At the time of the collision, James Gentry's driving while pulling a trailer was related to the joint venture.

40. Prior to and at the time of the collision, RJ Property Management and James Gentry each had a right to a voice in the operation and control of the truck and the RJ Property Management trailer being pulled by James Gentry. Prior to and at the time of the collision, James Gentry was pulling the RJ Property Management trailer as part of his *common business interests with* the RJ Property Management.

41. The negligent acts of James Gentry and RJ Property Management are the proximate cause of all of the noneconomic damages sustained by Marvin Fifer, Jr. and Marvin Fifer, Jr.'s wrongful death beneficiaries.

42. The negligence of James Gentry and RJ Property Management is the proximate cause of all of the economic damages sustained by the decedent and the decedent's wrongful death beneficiaries.

43. Prior to and at time of the wreck James Gentry had a reasonable working knowledge of the applicable traffic safety regulations and rules of the road.

44. Prior to and at time of the wreck James Gentry knew or should have known that violation the applicable traffic regulations and rules of the road in this case could result in injury or death to Marvin Fifer, Jr.

45. Prior to and at the time of the collision, James Gentry knew or should have known that the applicable traffic regulations and rules of the road that he violated were in place to protect against Marvin Fifer, Jr.'s injuries and death.

46. Prior to and at the time of the collision, James Gentry is guilty of negligent failure to maintain control of the towing vehicle when towing the Defendants' trailer.

47. James Gentry is guilty of negligent failure to allow reasonable distance between the Defendant's truck and trailer and the Plaintiff's vehicle.

48. Prior to and at the time of the collision, James Gentry negligently failed to allow for extra time for stopping when towing a trailer.

49. Prior to and at the time of the collision, James Gentry and RJ Property Management negligently failed to have and/or use a reasonable and correct weight distribution system for the truck and for the trailer that James Gentry was towing at the time of the collision.

50. RJ Property Management is guilty of negligent entrustment of its trailer to James Gentry. Prior to and at the time of the collision RJ Property Management negligently supplied its trailer to James Gentry when RJ Property Management knew or should have known from the facts that towing the RJ Property Management trailer in its condition at the time of collision with the cargo that it was carrying and the lack of necessary and required weight distribution system created an unreasonable risk of harm to other traffic, including but not limited to Marvin Fifer, Jr.

51. Prior to and at the time of the collision, James Gentry and RJ Property

Management are guilty of negligently overloading the tow vehicle.

52. Prior to and at the time of the collision, James Gentry and RJ Property Management guilty of negligently overloading the trailer.

53. Prior to and at the time of the collision, James Gentry and RJ Property Management are guilty of negligent failure to follow the truck's manufacturer's recommended tow rating for the towing vehicle.

54. Prior to and at the time of the collision, James Gentry and RJ Property Management are guilty of negligently exceeding the tow vehicle's towing capacity.

55. Prior to and at the time of the collision, James Gentry is guilty of negligent failure to properly use trailer brakes.

56. Prior to and at the time of the collision, James Gentry and RJ Property Management are guilty of negligent failure to properly load and secure cargo.

57. Prior to and at the time of the collision, James Gentry is guilty of negligent failure to have his truck and trailer under proper control.

58. Prior to and at the time of the collision, James Gentry is guilty of negligently failing to yield to Marvin Fifer, Jr.'s vehicle as was reasonably necessary under the existing conditions.

59. Prior to and at the time of the collision, James Gentry negligently followed Marvin Fifer, Jr.'s vehicle more closely than was reasonable and prudent.

60. Prior to and at the time of the collision, James Gentry negligently and carelessly failed to have due regard for the speed of Marvin Fifer, Jr.'s vehicle.

61. Prior to and at the time of the collision, James Gentry negligently failed to have due regard for the speed of the traffic in front of him.

62. Prior to and at the time of the collision, James Gentry is guilty of negligent failure to keep a proper lookout.

63. Prior to and at the time of the collision, James Gentry is guilty of negligent failure to be alert for other vehicles ahead of him in the highway.

64. Prior to and at the time of the collision, James Gentry is guilty of negligent failure to see that which was in plain view and to take notice of obvious dangers.

65. Prior to and at the time of the collision, James Gentry is guilty of negligent failure to drive at a speed and at a distance so that when the vehicle ahead of him stopped, that he could stop his truck and trailer without running into the vehicle ahead of him.

66. Prior to and at the time of the collision, James Gentry is guilty of negligently failing to decrease the speed of his truck and trailer as was reasonably necessary under the existing conditions.

67. Prior to and at the time of the collision, James Gentry is guilty of negligently driving his truck and trailer at an unreasonable rate of speed given the traffic conditions and the fact that James Gentry was pulling a truck and trailer.

68. Prior to and at the time of the collision, James Gentry is guilty of negligently failing to comply with numerous other provisions of Title 63, Chapter 3 of the laws of the State of Mississippi, commonly known as Traffic Regulations and Rules of the Road.

69. Prior to and at the time of the collision, James Gentry violated MCA § 63-3-619- Distances to be maintained between traveling vehicles. The Defendant, James Gentry breached a duty owed to Marvin Fifer, Jr. by negligently following the Plaintiff's vehicle more closely than was reasonable and prudent, and failed to have due regard for the speed of the Marvin Fifer, Jr.'s vehicle and the traffic upon the highway and the condition of the highway.

70. Prior to and at the time of the collision, James Gentry is guilty of negligent failure to obey an official traffic-control device, pursuant to Mississippi Code Annotated sections 63-3-133 and 63-3-313.

71. Official traffic-control devices are defined by Mississippi Code Annotated section 63-3-133 as "all signs, signals, markings, and devices placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic."

72. James Gentry violated MCA § 63-3-309, failure to stop for red light.

73. James Gentry negligently and carelessly drove his truck and trailer in such a manner as to indicate a willful or wanton disregard for the safety of persons or property in violation of MCA § 63-3-1201.

74. As a direct and proximate result of the actions of James Gentry and RJ Property Management, your Plaintiff, individually, and in her capacity as Mother, Guardian, Next Best Friend, Personal Representative, and Court Appointed Administratrix of the Estate of Marvin Fifer, Jr., and on behalf of the wrongful death beneficiaries of Marvin Fifer, Jr., seeks monetary damages from James Gentry and RJ Property Management for the wrongful death of Marvin Fifer, Jr. and for all injuries and damages sustained by Marvin Fifer, Jr. and the wrongful death beneficiaries of Marvin Fifer, Jr., including, but not limited to:

    a. All medical expenses;

    b. All funeral expenses;

    c. All damages arising from the physical injuries to the person of Marvin Fifer, Jr.;

    d. Physical and Mental Pain and Suffering and Hedonic damages prior to and up until the time of death;

    e. Loss of Love, Society, and Companionship of the deceased;

    f. The Parents loss of earnings and services of the deceased that Marvin Fifer, Jr.

would have provided;

g. The Deceased loss of Love, Society, and Companionship;

h. All damages as set out in the Wrongful Death Statute as set out in Section 11-7-13 of Mississippi Code, 1972

75. Furthermore, your Plaintiff, individually, and in her capacity as Mother, Guardian, Next Best Friend, Personal Representative, and Court Appointed Administratrix of the Estate of Marvin Fifer, Jr., and on behalf of the wrongful death beneficiaries of Marvin Fifer, Jr., asks for punitive damages from RJ Property Management LLC for the willful, wanton, and gross negligent conduct of James Gentry which caused the accident.

**WHEREFORE PREMESIS CONSIDERED**, your Plaintiff, Jossie Fifer individually, and in her capacity as Mother, Next Best Friend, Personal Representative, and Court Appointed Administrator of the Estate of Marvin Fifer, Jr., and on behalf of all of the wrongful death beneficiaries of Marvin Fifer, Jr., deceased, demands judgment of and against James Gentry and RJ Property Management in an amount which will adequately compensate Marvin Fifer, Jr. and all of the wrongful death beneficiaries of Marvin Fifer, Jr., for their own separate claims for all damages allowed by law and to be determined by the jury.

Additionally, Plaintiffs are entitled to recover punitive damages from James Gentry and RJ Property Management in an amount to be determined by the jury.

Respectfully submitted this the 4th day of April, 2019.

BY: _____
D. REID WAMBLE
THE LAW OFFICE OF D. REID WAMBLE, PLLC
POST OFFICE BOX 1950
OLIVE BRANCH, MISSISSIPPI 38654
rw9516@aol.com
TEL. (662) 893 - 2126
FAX: (662) 890 - 5686
MSB# 9516